IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN BAXTER HAMILTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-04-1392-T |
| | ) | |
| RANDALL G. WORKMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

O R D E R

Petitioner, a state prisoner appearing through counsel, brought this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings. Following briefing by the parties, the magistrate judge conducted an evidentiary hearing regarding petitioner's claims. Subsequently, the magistrate judge filed a Report and Recommendation [Doc. No. 38] in which he recommended that the petition be denied. Because petitioner has timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

Petitioner was convicted of the first degree murder of his wife following a jury trial in Oklahoma County and was sentenced to life imprisonment without the possibility of parole. On appeal, the Oklahoma Court of Criminal Appeals affirmed his conviction, rejecting the arguments he asserts in support of his habeas petition. His request for rehearing was also denied.

In this action, petitioner asserts four grounds for habeas relief. Three grounds on based on the argument that he was denied his right to effective assistance of trial counsel; specifically, he contends that trial counsel was ineffective because: 1) his retained expert, Tom Bevel, had improper communications with the prosecution; 2) counsel decided to have the expert testify at trial; and 3) counsel failed to obtain and present exculpatory evidence in the form of an additional expert who

would have rendered opinions more favorable to petitioner.  In his fourth ground for habeas relief, petitioner argues that the trial court erred in its instruction regarding circumstantial evidence and that the Court of Criminal Appeals decision concerning the instruction improperly penalized petitioner for testifying at trial.

In the Report and Recommendation, the magistrate judge thoroughly discussed each of these contentions in light of the facts in the record and the applicable law.    The court has reviewed same in detail, and has also considered the briefs of the parties, the transcript of the evidentiary hearing before Judge Argo, the record submitted by the parties, and  petitioner's objection to the Report and Recommendation.

At the evidentiary hearing on petitioner's claims, the magistrate judge heard the testimony of petitioner's trial counsel, Mack Martin and David Ogle; also called as a witness by petitioner was Oklahoma County District Attorney Wes Lane, who prosecuted the case.  Although Tom Bevel did not testify at the hearing, his trial testimony and a deposition transcript were admitted for consideration by the court, along with an excerpt from an interview with Bevel for a Court TV program.  Testifying for the respondent was the trial judge, the Honorable Ray Elliott.

The Report and Recommendation contains a background summary of the trial evidence and the testimony pertinent to petitioner's claims; that summary need not be repeated in this order, but is adopted[1].  *See* Report and Recommendation, pages 2-5.

Pursuant to statute, federal habeas review of a state court decision is limited. 28 U. S. C. § 2254(d)(1) and (2).  According to the statute, where factual and legal issues have been adjudicated in state court, this court may only grant a writ of habeas corpus if that adjudication (1) resulted in

---

[1] *As discussed herein, the court disagrees with petitioner's argument in his objection to the Report and Recommendation that the magistrate judge's summary contains some inaccurate statements.*

a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id.* In this case, the claims raised by petitioner were asserted in his direct appeal and addressed by the Oklahoma Court of Criminal Appeals in its decision affirming his conviction. Thus, the scope of this court's consideration is limited in accordance with the statute.

I. <u>Ineffective assistance claims</u>:

In his first claim for relief, petitioner argues that his retained expert, Tom Bevel, engaged in improper communications with and became an ally of the prosecution; plaintiff contends that, as a result, he was denied effective assistance of counsel. As discussed in the Report and Recommendation, Bevel was listed as a defense witness and was subpoenaed by the prosecution to testify at trial. On direct examination, he criticized the opinion and report of the prosecution's expert, Ross Gardner. On cross-examination, however, he offered the opinion that certain blood spatters on petitioner's shirt could only have been caused by petitioner striking the victim with an object. *See* Report and Recommendation at pages 8-9 and transcript citations, adopted as though fully set forth herein.

Both the prosecutor and defense counsel described this testimony as devastating to the defense. Petitioner's trial counsel testified at the evidentiary hearing that they did not know Bevel would offer that opinion and that he did not disclose that opinion to them at any time during their trial preparation or at trial. Although Wes Lane testified at the hearing that he did not know that Bevel would offer that opinion at trial, petitioner contends that Bevel improperly disclosed his opinion to either law enforcement witnesses or assistant District Attorneys at some time prior to or

during trial. Petitioner contends that Bevel's alleged communications violated the attorney-client privilege and/or work product doctrine and constituted a denial of his right to effective assistance of counsel.

As the magistrate judge noted in the Report and Recommendation, this argument was rejected by the Oklahoma Court of Criminal Appeals in its opinion on petitioner's direct appeal. as As further noted, the record reflects that the appellate court correctly found that there is no evidence that the prosecution in this case obtained privileged or confidential information from Bevel. Bevel's deposition testimony, introduced at the evidentiary hearing, does not contain evidence that he disclosed such information, and no other testimony or evidence in the record before the court supports petitioner's contention that he did so.

In any event, the appellate court found no violation of the attorney-client privilege or work product doctrine. According to the appellate court, the expert's " discussions with the accused and counsel may fall under the umbrella of attorney-client privilege, but the expert's own analysis of physical evidence does not." Appellate opinion, p. 20 (emphasis in the original). The appellate court also found no violation of the work product doctrine, as Bevel was an anticipated trial witness whose conclusions, and the factual basis for them, were fully discoverable. *Id.* at p. 21.

The appellate court's opinion was based on state law doctrines regarding the attorney-client privilege and work product doctrine and did not implicate federal law. Furthermore, the privilege is an evidentiary rule which has not been recognized as a constitutional right, and neither the privilege nor the work product doctrine have been recognized as having a constitutional basis. Report and Recommendation at pages 10-11, adopted as though fully set forth herein. Accordingly, the magistrate judge concluded that neither provides a basis for federal habeas relief, as the Court

of Criminal Appeals opinion was based on its interpretation of state law and is thus not reviewable by this court. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Hicks v. Feiock, 485 U.S. 624, 629-30 (1988).

The magistrate judge also rejected petitioner's argument that the appellate court's decision regarding the work product doctrine was an unreasonable application of the law established in United States v. Nobles, 422 U.S. 225 (1975) and United States v. Alvarez, 519 F.2d 1036 (3rd Cir. 1975). As the magistrate judge explained, Nobles establishes that the work product doctrine is not absolute, as recognized by the Court of Criminal Appeals; moreover, Alvarez is distinguishable from this case because it involved a non-testifying expert, and Bevel was listed as a testifying expert witness. *See* discussion at pages 12-13 of the Report and Recommendation. As further explained by the magistrate judge, the other decisions on which petitioner relies are not Supreme Court decisions establishing a constitutional right based on the attorney-client privilege or the work product doctrine. The court concludes that the magistrate judge correctly determined that ground one of the habeas petition does not warrant the relief sought by petitioner.

As his second ground for relief, petitioner argues that his trial counsel was ineffective in making the decision to call Bevel as a witness. Petitioner's argument is necessarily premised on his belief that counsel knew Bevel would opine that the blood spatters in question could only have been caused by petitioner's striking the victim. As the magistrate judge concluded, however, the Court of Criminal Appeals was correct in rejecting this argument in accordance with Strickland v. Washington, 466 U.S. 668 (1984) because the record establishes that the decision to call Bevel was not objectively unreasonable in light of counsel's knowledge at the time he was called as a witness. Trial counsel Mack Morgan and David Ogle testified at length at the evidentiary hearing regarding

this issue, and their testimony establishes that, contrary to petitioner's belief, they did not know that Bevel would offer the opinion in question and, in fact, they believed that he would testify that the cause of the specific blood spatters at issue could not be determined with certainty.

The undersigned has reviewed the testimony at the evidentiary hearing in detail, and it does not support petitioner's argument. Furthermore, Bevel's deposition testimony does not support the contention. As the appellate court observed, even if Bevel deliberately failed to disclose his true opinion to defense counsel, they cannot be faulted for a "lack of clairvoyance." Appellate opinion, page. 23, n. 39.

The magistrate judge accurately discussed in detail the standards of <u>Strickland</u> and petitioner's burden; he further discussed in detail the testimony at the evidentiary hearing and noted that petitioner's current counsel did not call Bevel to testify at that hearing and relied instead on his previous testimony. The court finds the magistrate judge's references to the evidentiary hearing transcript and his detailed discussion of the testimony to be correct and accurate. *See* Report and Recommendation, pages 18-25.

The court agrees with the magistrate judge that petitioner failed to show that his trial counsel was ineffective in making the decision to call Bevel as a witness at trial. The facts in the record and the governing law demonstrate that habeas relief is not warranted on this contention.

In his third ground for relief, petitioner contends that counsel was ineffective in failing to retain an additional expert witness who would offer an opinion more favorable to petitioner. This issue was also argued to the Court of Criminal Appeals; on appeal, petitioner offered the name of an expert witness who should have been retained by counsel. Rejecting petitioner's argument, the appellate court concluded that, under <u>Strickland</u>, counsel could not be constitutionally deficient for

failing to locate in advance of the trial the witness found by petitioner after the trial. As the appellate court noted, petitioner agreed with the initial choice of Bevel, and challenged counsel's choice only after Bevel's testimony proved unfavorable. The appellate court concluded that, where counsel undertakes a reasonable investigation using a qualified expert, counsel's performance cannot be gauged by the outcome of the expert's conclusions or testimony. Appellate opinion, page 24. The evidence does not support petitioner's claim that trial counsel failed to exercise reasonable diligence in selecting an expert.

The undersigned agrees with the magistrate judge that the opinion of the Court of Criminal Appeals is not contrary to, or an unreasonable application of, <u>Strickland</u>. Thus, petitioner has failed to establish ineffective assistance of counsel based on the third ground asserted. Habeas relief is not warranted on the basis of petitioner's contention.

<u>Circumstantial evidence instruction at trial</u>:

Petitioner's final argument in support of habeas relief is his claim that the trial court erred in refusing to instruct the jury regarding circumstantial evidence and that the appellate court's decision on this issue effectively penalized him for testifying in his own behalf. As the magistrate judge noted in the Report and Recommendation, petitioner cites several decisions in support of his argument but does not explain their application to his case or articulate how the appellate court decision was contrary to any Supreme Court precedent. As the magistrate judge correctly concluded, petitioner's reliance on <u>Hicks v. Oklahoma</u>, 447 U.S. 343 (1980), <u>Crane v. Kentucky</u>, 476 U.S. 683(1986) and <u>United States v. Jackson</u>, 390 U.S. 570 (1968) is misplaced. For the reasons explained in detail in the Report and Recommendation, those decisions do not support his claims in this case, as the facts are distinguishable. *See* Report and Recommendation at pages 30-32. The

court agrees with the magistrate judge that petitioner has not established entitlement to habeas relief based on ground four.

Petitioner's objection to the Report and Recommendation does not alter the court's conclusion as to any of the asserted grounds for relief . Petitioner reiterates the arguments in his previous briefs.  He also criticizes the magistrate judge for including in a summary of the background facts several references to the record which petitioner contends are erroneous; petitioner discusses in some detail what he believes to be the correct summation of the facts.  The court does not agree that the magistrate judge was inaccurate in the summary statements made, as the record supports those statements.  More important, however, petitioner fails to show how the purported errors impact any of his grounds for relief.

In accordance with the foregoing, the court concludes that the magistrate judge was correct in determining that petitioner has failed to establish a basis for federal relief.  Therefore, the Report and Recommendation [Doc. No. 38] is adopted, and the petition is denied.

IT IS SO ORDERED this   17th   of May, 2006.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE